## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN D. MCGEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-720-NAB |
| | ) | |
| JULIE INMAN, | ) | |
| | ) | |
| Respondent. | ) | |

### OPINION, MEMORANDUM AND ORDER

This closed civil matter is before the Court upon review of a document filed by petitioner Kevin D. McGee, who presently receives treatment at the Southeast Missouri Mental Health Center. The Court liberally construes the document as a motion for reconsideration. For the reasons explained below, the Court will deny the motion.

As fully set forth in the orders of this Court entered July 14, 2020, petitioner's petition for writ of habeas corpus was dismissed after this Court determined that petitioner had failed to exhaust the remedies available in the courts of the State. In the instant motion, petitioner can be understood to challenge that determination, inasmuch as he avers he "did exhaust his state remedies, in Missouri in the Southeast Division [an] unconditional March 1995 [illegible] release; the designee Clay Byron English and Mo. District Attorney Ian Sutherland."

Petitioner did not frame his motion under the Federal Rules of Civil Procedure, but it can be considered the functional equivalent of a motion under either Rule 59(e) or 60(b). Rule 59(e) allows a court to correct its own mistakes in the time immediately following judgment. *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). "Rule 59(e) motions serve a limited function of correcting 'manifest errors

of law or fact or to present newly discovered evidence.'" *Id.* (quotation omitted). Rule 60(b) allows a court to "relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect." *MIF Realty L.P. v. Rochester Associates*, 92 F.3d 752, 755 (8th Cir. 1996). "Rule 60(b) provides for 'extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quotation omitted).

The motion points to no manifest errors of law or fact. As the Court determined, to exhaust state remedies, petitioner was required to apply for release under Missouri law, and if unsuccessful, appeal the denial of the application to the Missouri Court of Appeals. Petitioner's averments in his petition for writ of habeas corpus and the instant motion fail to demonstrate that he has done so, as does independent review of Missouri state court records. The motion also fails to set forth any exceptional circumstances justifying relief. The motion will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for reconsideration (ECF No. 6) is **DENIED.**

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 31st day of July, 2020.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

2